IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

FILED
2014 DEC 23 AM 8: 11
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Robert L. Ogletree, JR )
)
_____ )
)
_____ )
Name of Plaintiff(s) )
) Case No. _____
v. ) (To be assigned by Clerk)
)
Chris Pitts, Officer )
)
Gibbs, Murfreesboro Police Depar- )
tment. Rutherford county )
Name of Defendant(s) )

# COMPLAINT

1. State the grounds for filing this case in Federal Court (include federal statutes and/or U. S. Constitutional provisions, if you know them):

   1982 Lawsuit Packet, 39-13-302 false im-prisonment

2. Plaintiff, Robert L. Ogletree _____ resides at
   610 NW Broad St. _____, Murfreesboro,
   Street address                               City
   Rutherford, TN, 37129, 615-809-6577,
   County      State  Zip Code  Telephone Number

   (If more than one plaintiff, provide the same information for each plaintiff below.)

   N/A

3. Defendant, **Chris Pitts** resides at **302 S Church St**, **Murfreesboro**,
Street address / City

**Rutherford**, **TN**, **37130**, **615-849-2670**,
County / State / Zip Code / Telephone Number

(If more than one defendant, provide the same information for each defendant below.)

Officer Gibbs 302 S. Church St. Murfreesboro, Rutherford, TN 37130, 615-849-2670

4. Statement of claim. (State as briefly as possible, the facts of your case. Describe how each Defendant is involved. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary. Attach any documentation or exhibits in support of the complaint):

February 27, 2014 Detective Chris Pitts and Officer Gibbs of the Murfreesboro Police Department did false imprison Robert L. Ogletree, JR. Chris Pitts personally appeared before David Loughry a Judge and under oath presented false information to be granted a warrant. Under oath Detective Chris Pitts states as fact that Robert L. Ogletree, JR. Had two counts of casual exchange of an unknown schedule drug in April 2008. Plaintiff will show and prove this as false. February 27, 2014 Chris Pitts and Officer Gibbs.

5. Prayers for Relief (List what you want to Court to do):

   a. 400,000 for Malicious prosecution 600,000 for false imprisonment. And 850,000 in Punitive damages.

   b.

   c.

   d.

I (We) hereby certify under penalty of perjury that the above Petition is true to the best of my (our) information, knowledge, and belief.

Signed this 23 day of December, 2014.

R  

(Signature of Plaintiff(s))

searched Robert L. Ogletree, JR, Phone. After Robert L. Ogletree, said to officer Gibbs, that if he searched his Phone without a warrant that he would be violating his 4th amendment right. He states this, and will show in fact that the warrant shows this. Being that Chris Pitts states this in the warrant. February 27, 2014 Officer Gibbs says he found a plastic cigarette wrapper with cocaine residue on it on the person of Mr. Ogletree. Plaintiff will show and prove this is not true. Februay 27, 2014 Officer Gibbs went into room 210 of the Imperial Inn Motel, Murfreesboro, Rutherford county, Tennessee. Before he had a warrant to do so, and after Robert L. Ogletree, JR, said to him that if he wanted to search he needed the OK of a Judge. And that if he went into room 210 he would be violating his 4th amendment. Plaintiff will show and prove that Officer Gibbs went into room 210 before he had a warrant. Februay 27, 2014 Officer Gibbs and Chris Pitts. State they found a bag of cocain and a set of scales. Plaintiff will show and prove that items claim to have been found was not his. And that all charges was dismissed. Plaintiff will also show and prove Officer Gibbs said things that was not fact or the truth doing the Pre liem. Plaintiff will show and prove that the Murfreesboro Police Department would not return the Plaintiff his Phones back, because he recorded every thing that happend. Rule 41. aggrieved by an unlawful or invalid search or seizure may move the court pusuant to Rule 12 (B) to suppress any evidence obtained in the unlawful search or seizure. If Property was unlawfuly seized, the aggrieved person may move the court to return of the property.

Respectfully, Submitted.

Robert L. Ogletree, JR.

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
16TH JUDICIAL DISTRICT AT MURFREESBORO, DIVISION II

STATE OF TENNESSEE ) CASE # 72668
)
vs. )
) **FILED**
Robert Ogletree )
Defendant, ) DEC 0 5 2014
) ____ O'CLOCK ____ M
MELISSA HARRELL
DEPUTY CLERK

### ORDER FOR NOLLE PROSEQUI

This matter having come before this Honorable Court upon motion of the State of Tennessee, by and through the Office of the District Attorney General, to grant a Nolle Prosequi in the above styled case. At the request of the District Attorney General or his duly appointed assistant it is hereby ordered that this case is Nolle Prosequi.

This the 5 day of December 2014

_____
Circuit Court Judge, Division II

_____          _____
Attorney for the State                              Attorney for Defendant (OPTIONAL)

USLegal Home   Legal Topics   USLegal Sites     Toll Free 1-877-389-0141   Signin   View Cart   Contact   SiteMap

Search All of USLegal

Home

USLegal » False Imprisonment Home » Civil Actions for False Imprisonment

# Civil Actions for False Imprisonment

**36,000 Legal Forms - USLegalForms**
Find any forms you need. 8 year winner of the best legal forms site from TopTenReviews. Visit Today!.

False imprisonment is the unlawful restraint of a person without consent or legal justification. False imprisonment can be committed by words, acts, or by both[i]. The common law tort of false imprisonment is defined as an unlawful restraint of an individual's personal liberty or freedom of movement[ii]. In order to constitute the wrong it is not necessary that the individual be actually confined or assaulted[iii].

It is to be noted that, there is no necessity in a false imprisonment case to prove that a person used physical violence or laid hands on another person. It is sufficient to show that at any time or place the person in any manner deprived another person of his/her liberty without sufficient legal authority[iv].

False arrest is sometimes used interchangeably with false imprisonment. False arrest is the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority. In order to establish a false arrest claim, the person detained must prove that the arrest is unlawful and such unlawful arrest resulted in injury. An arrest is unlawful when the police officers in question did not have probable cause to make the arrest[v].

An arresting officer who fails to take the arrested person before a court or magistrate within a reasonable time or without unnecessary delay is guilty of false imprisonment. Similarly, an officer who arrests a person without a warrant is liable for false imprisonment by detaining the prisoner an unreasonable time[vi].

Generally, false arrest is one of several means of committing false imprisonment. False arrest describes the setting for false imprisonment when it

is committed by a peace officer or by one who claims the power to make an arrest. Thus, a tort action for false imprisonment based on false arrest against a person who is not a peace officer implies that the detention or restraint to support the tort was done by one who claims the power of arrest[vii].

However, false arrest is almost indistinguishable from false imprisonment[viii]. The only distinction lies in the manner in which they arise. False arrest is merely one means of committing a false imprisonment. Whereas, false imprisonment is committed without any thought of attempting arrest[ix].

The principal element of damages in an action for false imprisonment is the loss of freedom. Sometimes, a court also takes into account the fear and nervousness suffered as a result of the detention[x]. The tort of false imprisonment involves an unlawful restraint on freedom of movement or personal liberty. Therefore, two essential elements to constitute false imprisonment are[xi]:

- Detention or restraint against a person's will,
- Unlawfulness of the detention or restraint.

Whereas, after liability is established for false arrest, the person who suffered may recover nominal damages as well as compensation for mental suffering, including fright, shame, and mortification from the indignity and disgrace, consequent upon an illegal detention[xii]. However, in a suit for false arrest and false imprisonment, a person cannot recover attorney's fees incurred or loss of earnings suffered while defending an underlying criminal action[xiii].

The elements to be considered by the jury in awarding compensatory damages in a false imprisonment case are physical suffering, mental suffering and humiliation, loss of time and interruption of business, reasonable and necessary expenses incurred, and injury to reputation[xiv]. However, it is to be noted that a mere loss of freedom will not constitute false imprisonment[xv].

In a suit for false imprisonment, the damages award may include compensation for loss of earnings while imprisoned, for bodily and mental suffering caused by the imprisonment, and for expenses incurred in securing discharge from restraint including a reasonable attorney fee[xvi].

The measure of damages for false imprisonment is a sum that will fairly and reasonably compensate the injured person for the injuries caused by the wrongful act including any special pecuniary loss which is a direct result of the false imprisonment[xvii]. A jury can award punitive damages in a false arrest or imprisonment case, if the requisite level of malice or other requisite mental state is established.

All persons who personally participate or cause an unlawful detention are held to be liable. Similarly, persons other than those who actually cause an imprisonment may be held jointly liable with others, as instigators or participants. However, passive knowledge or consent to the acts of another, or acting on a superior's order, is not sufficient to make a person liable for false imprisonment.

It is to be noted that the jail officials are also held liable for false imprisonment for holding a person for an unreasonable time. A jail official is liable for false imprisonment if s/he knows that an arrest was illegal and that there is no right to imprison the person so arrested.

The liability of a principal for the act of an agent in causing a false arrest or imprisonment depends upon whether the principal previously authorized the act, or subsequently ratified it, or whether the act was within the scope of the employee's or agent's employment[xviii]. However, an employer will not be held liable for false imprisonment for the actions of an employee which are outside the scope of employment.

In order to avoid liability in an action for false imprisonment, a person must establish that s/he did not imprison the other person or s/he must justify the imprisonment. The presence of probable cause for imprisonment is a defense if it constitutes reasonable grounds for acting in defense of property or making an arrest without a warrant. A person is not liable for false imprisonment, if the person restrained is a child under the age of seventeen upon certain conditions. However, contributory negligence is not considered a defense if the wrong is something more than mere negligence[xix].

A false imprisonment action cannot be maintained if a person is properly arrested by lawful authority without a warrant. In order to justify an arrest without a warrant, the arrestor must proceed as soon as may be to make the arrest. Therefore, a private person can arrest another for a public offense committed or attempted in his/her presence[xx].

Certain officials and professionals are exempted from civil liability for false imprisonment under certain circumstances. They are:

- Judicial officers;
- Government officials entrusted with judicial functions;
- Attorneys;
- Physicians.

A judicial officer who has jurisdiction of the person and of the subject matter is exempted from civil liability for false imprisonment so long as the judge acts

within that jurisdiction and in a judicial capacity[xxi]. Similarly, officers in other government departments are also exempted from liability for false imprisonment whenever they are entrusted with the judicial exercise of discretionary power. Likewise, an attorney is also protected from personal liability for false imprisonment if s/he acts in good faith on behalf of his/her client. It is to be noted that physicians who give evidence in proceedings to determine sanity are also immune from liability for false imprisonment.

In the case of false imprisonment, the plaintiff has the burden of proving the false arrest. The plaintiff in a false imprisonment action must prove that the defendant proximately caused the injuries for which the plaintiff seeks damages[xxii].

[i] *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958 (Ind. Ct. App. 2001).

[ii] *Pechulis v. City of Chicago*, 1997 U.S. Dist. LEXIS 11856 (N.D. Ill. Aug. 7, 1997).

[iii] *Whitman v. Atchison, T. & S. F. R. Co.*, 85 Kan. 150 (Kan. 1911).

[iv] *Pechulis v. City of Chicago*, 1997 U.S. Dist. LEXIS 11856 (N.D. Ill. Aug. 7, 1997).

[v] *Landry v. Duncan*, 902 So. 2d 1098 (La.App. 5 Cir. Apr. 26, 2005).

[vi] *Dragna v. White*, 45 Cal. 2d 469 (Cal. 1955).

[vii] *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761 (Iowa 2002).

[viii] *Kraft v. Bettendorf*, 359 N.W.2d 466 (Iowa 1984).

[ix] *Harrer v. Montgomery Ward & Co.*, 124 Mont. 295 (Mont. 1950).

[x] *Pitts v. State*, 51 Ill. Ct. Cl. 29 (Ill. Ct. Cl. 1999).

[xi] *Ette v. Linn-Mar Cmty. Sch. Dist.*, 656 N.W.2d 62 (Iowa 2002).

[xii] *Barnes v. District of Columbia*, 452 A.2d 1198 (D.C. 1982).

[xiii] *Id.*

[xiv] *Jenkins v. Pic-n-Pay Shoes, Inc.*, 1985 Tenn. LEXIS 536 (Tenn. July 15, 1985).

[xv] *Gee v. State*, 21 Ill. Ct. Cl. 573 (Ill. Ct. Cl. 1954).

[xvi] *Phillips v. District of Columbia*, 458 A.2d 722 (D.C. 1983).

[xvii] *Sindle v. New York City Transit Authority*, 64 Misc. 2d 995 (N.Y. Sup. Ct. 1970).

[xviii] *Sears, Roebuck & Co. v. Steele*, 23 Tenn. App. 275 (Tenn. Ct. App. 1939).

[xix] *Aiken v. Holyoke S. R. Co.*, 184 Mass. 269, 271 (Mass. 1903).

[xx] *Hill v. Levy*, 117 Cal. App. 2d 667 (Cal. App. 1953).

[xxi] *Bahakel v. Tate*, 503 So. 2d 837 (Ala. 1987).

[xxii] *Fischer v. Famous-Barr Co.*, 618 S.W.2d 446 (Mo. Ct. App. 1981).

## Civil Actions for False Imprisonment: Related Pages

- Elements
- Defenses
- Damages

## + More In False Imprisonment

- False Imprisonment
- False Imprisonment as a Crime
- Forms and Guides
- Questions and Answers
- Attorneys
- Sitemap
- USLegal Home

# INDICTMENT

NO. 72668

FILED 11/4/14
MELISSA HARRELL, CLERK

STATE OF TENNESSEE
VS.

ROBERT OGLETREE

P. GIBBS, MPD
PROSECUTOR

WITNESSES

P. GIBBS, MPD

Here duly summoned as witnesses and sworn by me, and testified before the Grand Jury on this indictment

*Karen W Hudson*
GRAND JURY FOREMAN

THE CLERK will issue summons for the following State Witnesses:

P. GIBBS, MPD

POSSESSION OF DRUG PARAPHERNALIA (A/M)

A TRUE BILL

*Karen W Hudson*
GRAND JURY FOREMAN

JENNINGS H. JONES
DISTRICT ATTORNEY GENERAL

STATE OF TENNESSEE, RUTHERFORD COUNTY

NOVEMBER SESSION OF THE CRIMINAL COURT, 2014

THE GRAND JURORS of RUTHERFORD County, Tennessee, duly empaneled and sworn upon their oath present that in RUTHERFORD County, Tennessee and before a finding of this indictment during the month of FEBRUARY 2014

ROBERT OGLETREE

did unlawfully and knowingly possess drug paraphernalia, to-wit: WRAPPER with the intent to use same to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance, in violation of T.C.A. 39-17-425

Inmate Name: **OGLETREE, ROBERT LEWIS JR**  Jacket: **63897**
Address: **1222 MYERS DR**  Booking #: **332864**
Address: **MURFREESBORO, TN.**

Social Security #: **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**  Date Of Birth: **02/15/1980**
Intake Date: **02/27/2014**  Intake Time: **17:15**
Release Date:  Release Time:
Holders: **HOLD FOR METRO**

---

53 - BOND:BONDSMAN OFF BOND /MISD
Court Date: 09/22/2014  Court: CIRCUIT COURT
Tracking #: 0  Bond: 1000
CR#: 71714
CUMBERLAND BONDING
HARRASSMENT

39-17-425 - DRUG:UNLAW DRUG PARAPH/USE & ACTIVITIES
Court Date: 11/17/2014  Court: CIRCUIT COURT
Tracking #: 136515  Bond: 2000
CR#:

39-17-408 - DRUG:MFG/DEL/SALE/POS-SCHEDULE II
Court Date: 11/17/2014  Court: CIRCUIT COURT
Tracking #: 136515  Bond: 8000
CR#:

39-17-425 - DRUG:UNLAW DRUG PARAPH/USE & ACTIVITIES
Court Date: 11/17/2014  Court: CIRCUIT COURT
Tracking #: 136515  Bond: 2000
CR#:

233 - HOLD:OTHER DEPARTMENT
Court Date:  Court:
Tracking #: 0  Bond: 0
CR#: